**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON**

**Civil Action No. 07-383-HRW**

**RALPH BOWLING**,                                                                    **PLAINTIFF,**

v.           **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed an application for disability insurance benefits on April 18, 2000, alleging disability beginning on January 31, 1997 du to back, leg and arm pain.

This application was denied initially, on reconsideration, by hearing decision and by the Appeals Council.

However, by Order entered on March 12, 2003, the United States District Court for the Eastern District of Kentucky reversed and remanded the adverse decision.

Another denial decision was issued on November 4, 2004. Plaintiff appealed and the Appeals Council granted the review and remanded the case to an Administrative Law Judge for a second hearing and any further action needed to complete the administrative record.

Accordingly, on January 22, 2007, an administrative video hearing was conducted by Administrative Law Judge Roger Reynolds (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Martha R. Goss, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.

> Step 2: If the claimant is not performing substantial gainful work, his

impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On February 21, 2007, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 177-183).

Plaintiff was 53 years old when his insured status expired in December 2002. He has a 8th grade education. His past relevant work experience consists of work in a coal mine. Plaintiff was laid off in January 1997. He alleges he became disabled on January 31, 1997.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 180).

The ALJ then determined, at Step 2, that Plaintiff suffered from degenerative

disc disease in the lumbar and cervical spine with bone spurs at C3 and C4 and chronic obstructive pulmonary disease, which he found to be "severe" within the meaning of the Regulations (Tr. 180).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 180).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 182) but determined that he has the residual functional capacity ("RFC") to perform light work, with certain limitations as set forth in the hearing decision (Tr. 180-181).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 10).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on September 13, 2007 (Tr. 167-169).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 12 and 13] and this matter is ripe for decision.

## III. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.     Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ ignored the opinion of his treating physician, Dr. Robert C. Brandon, (2) the ALJ improperly determined that his impairments did not meet the Listing of Impairments and (3) the ALJ failed to consider his impairments in combination.

**C.     Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ ignored the opinion of his treating physician, Dr. Robert C. Brandon.   In a Residual Functional Impairment-Physical Impairment Questionnaire, completed on December 12, 2000, Dr. Brandon opined that Plaintiff was limited to no more than sedentary levels of work (Tr. 136-139).   The ALJ did not, however, assign significant weight to Dr. Brandon's assessment.   The Court finds that the reasons given by the ALJ for doing so are adequate.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a  claimant's  impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2).  The Court is mindful of the fact that the Commissioner is not

bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

First, as the ALJ noted, although Dr. Brandon identified himself as a "treating source", there is scant evidence to support this statement. For example, no treatment record has been submitted by on behalf of Dr. Brandon. During his testimony, Plaintiff did not even mention Dr. Brandon. This calls into question Dr. Brandon's note that Plaintiff had been seen by him "in excess of 20 times" between June 14, 2000 and December 12, 2000. Again, there are no records or testimony to confirm this.

Even if Dr. Brandon were to be considered a treating source, his assessment is not entitled to deference as it falls far short of the standard set forth above. For example, his finding of a positive straight leg test results (Tr. 139) is contrary to the negative findings of both Dr. Anne Collett and Dr. Greg Wheeler (Tr. 93. 133). In addition, the evaluation of Dr. Bobby Kidd shows no restrictions on lifting/carrying, standing/walking, pushing/pulling or sitting. This opinion is diametrically opposed to that of Dr. Brandon.

The ALJ also observed that although Dr. Brandon suggested disabling pain, Dr. Wheeler's notes confirm that Plaintiff was taking nothing stronger than aspirin

for his pain (Tr. 131, 308). Indeed, there is no record of any prescribed pain medication.

Finally, there is nothing in the record to suggest that Plaintiff sought any treatment between December 2000 and April 2003. This lack of treatment and, presumably, symptoms, belies an argument of disabling impairment.

Given the lack of supporting clinical and diagnostic data, as well as the prevalence of contradictory evidence in the record, the Court finds no error in the ALJ's assessment of Dr. Brandon's opinion.

Plaintiff's second claim of error is that the ALJ improperly determined that his impairments did not meet the Listing of Impairments.

The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical Listing at step three. Thus, Plaintiff "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show

an impairment is listed in Appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at **2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet all the requirements specified in the Listing." *Id*. This must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Sullivan*, at 530.

In this case, Plaintiff has not presented any evidence which demonstrates that his impairments meet any of the listings set forth in the regulations. Nor does Plaintiff identify which listings he allegedly meets. As such, Plaintiff has failed to carry his burden at Step 3.

Finally, Plaintiff contends that the ALJ failed to consider his impairments in combination. However, a review of the hearing decision reveals that the ALJ considered Plaintiff's impairments in combination at various stages in his

9

evaluation.  The ALJ discussed Plaintiff's impairments, both physical and mental, both severe and non-severe , at Step 3 of the sequential evaluation process, and specified that he considered the same, alone and "in combination" (Tr. 180, Finding No. 4).  Such articulations have been found to be sufficient upon review. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987).  Indeed, the Sixth Circuit Court of Appeals stated in *Loy v. Secretary of Health and Human Services*, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings."  *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990).  The Court finds that the ALJ's approach in this case passes *Gooch* and *Loy* muster and that Plaintiff's argument in this regard is without merit.

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.  Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant

will be entered contemporaneously herewith.

    This July 11, 2008.

Signed By:
Henry R Wilhoit Jr.
United States District Judge